UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JERRY BROWN, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0696 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner at California State Prison, Corcoran ("CSP-Corcoran") proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1. On March 27, 2018, plaintiff filed an application to proceed in forma pauperis. ECF No. 2. On April 19, 2018, plaintiff filed a "notice of illegal mail blocking" (ECF No. 5) and a motion for preliminary injunction (ECF No. 6). In the motion for preliminary injunction, plaintiff asks that an injunction issue ordering that plaintiff's life be protected and that he be given access to the courts. See ECF No. 6 at 1-5.

I.　　Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) will be granted.

////

1

1          Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  See 28

2  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

3  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

4  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

5  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

6  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

7  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

9  1915(b)(2).

10         Plaintiff's complaint will be screened by separate order.

## II.     Request for Injunction Regarding Safety

Plaintiff states that prison staff has informed him that there are inmate gang members in his unit who have been recruited to kill plaintiff the first chance they get.  See ECF No. 6 at 2.  Specifically, as soon as plaintiff exits his cell, he will be stabbed to death.  See id.

As a result, plaintiff has taken precautionary measures of jamming his cell door from the inside and wrapping up his upper torso with a back brace and magazines in order to protect his vital organs.  See ECF No. 6 at 2.  Plaintiff has been forced to do this while simultaneously trying to manage his failing health.[1]  See id. at 2-3.

Plaintiff contends that the reason prison staff is "on board" with having plaintiff killed is because in 2008, plaintiff was accused of trying to kill an officer at High Desert State Prison.  See ECF No. 6 at 3.  According to plaintiff, the accusations were false.  See id.  Despite this fact, plaintiff contends that there are over one thousand inmates at six different prisons who were given confidential information about him.  This information has been used to get gang members to commit to killing plaintiff.  See id.

Plaintiff further contends that at some point, the kill order was cancelled by Scott Kernan.  See ECF No. 6 at 3-4.  However, no one told the gang members that it was.  See id.  The efforts

---

[1] Plaintiff states that he has diabetes and COPD and is in a wheelchair.  See ECF No. 6 at 2.  He is also waiting for heart surgery.  See id. at 2-3.

2

of plaintiff's relatives to file complaints against Kernan with Governor Brown, prison headquarters and other law enforcement and legal entities have not led to protection being provided to plaintiff. See ECF No. 6 at 4, 6-9. Plaintiff also asserts that Kernan is required to protect plaintiff from harm and violence but is refusing to do so. See id. at 3-4.

III.     Request for Injunction Regarding Access to Courts

Plaintiff also contends that in March 2018, either Kernan or his office ordered the blocking of all plaintiff's legal mail from being sent to all businesses, courts, law enforcement, and attorneys. See ECF Nos. 5, 6 at 1-2. As a result, at least twenty pieces of mail have been blocked or stolen.[2] See ECF Nos. 5, 6 at 2. This, plaintiff asserts, denies him access to the courts. See id. For these reasons, plaintiff requests the court's intervention.

As to both requested injunctions, the court requires further information.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350.00. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Office of the California Attorney General, as directed by Supervising Attorney Monica Anderson or her designee, is requested to:

   a.   Promptly contact the appropriate officials at CSP-Corcoran to assess and ensure plaintiff's health and safety;

   b.   Determine whether plaintiff has received all of his legal mail since March 2018

---

[2] It should be noted that when plaintiff filed his complaint in March 2018, he was housed at CSP-Sacramento. See ECF No. 1 at 1. However, the instant pleadings filed by plaintiff in April 2018 indicate that plaintiff is now housed at CSP-Corcoran. See ECF Nos. 5 at 1, 6 at 1. Additionally, there is no indication on the docket that a change of address has been filed by plaintiff. The address of record the court has for plaintiff today is that of CSP-Sacramento.

Local Rule 183(b) requires that a party appearing in propria persona inform the court of any address change. Although the court will, sua sponte, order the Clerk of the Court to change plaintiff's address to that of CSP-Corcoran herein, plaintiff is reminded of his obligation to timely file a notice of change of address with this court should he be transferred to another prison and/or be released in the future.

3

and ensure that no unlawful impediment exists that has or will prevent plaintiff from receiving his legal mail, and

  c. Inform the court within fourteen days of the date of this order regarding the status of plaintiff's health and safety as well as whether plaintiff is receiving all his legal mail.

 4. The Clerk of the Court is further directed to:

  a. Send and *immediately fax* a copy of this order to Monica Anderson, Supervising Deputy Attorney General, and

  b. Change plaintiff's address in the case caption on the docket in this matter from the official mailing address of CSP-Sacramento to the official mailing address of CSP-Corcoran.

 IT IS SO ORDERED.

DATED: April 27, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE