UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:18-cv-0696 AC P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on April 27, 2018. See ECF No. 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff filed his complaint on March 27, 2018. ECF No. 1. On April 19, 2018, plaintiff filed a motion for a preliminary injunction. ECF No. 6. For the reasons stated herein the court will recommend that the motion be denied.

I. RELEVANT FACTS

Plaintiff requests that a preliminary injunction issue in order to: (1) prevent "Scott Kernan or his office" from illegally blocking plaintiff's mail, and (2) require Scott Kernan "to protect [him] from the fall out [sic] of the initial order to have him killed." ECF No. 6 at 1-3 (brackets added).

1

In sum, plaintiff requests that the court "issue an injunction to protect [his] life, [sic] and rights [sic] to access to the courts." ECF No. 6 at 5 (brackets added).

II.     APPLICABLE LAW

When evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

A district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

III.    ANALYSIS

Neither Scott Kernan nor anyone else has been formally named as a party to this action. See Zenith Radio Corp., 395 U.S. at 112. Moreover, plaintiff fails to demonstrate either that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief in these situations. See Winter, 555 U.S. at 20; Stormans, Inc., 586 F.3d at 1127. Thus, as detailed below, injunctive relief cannot be granted.

     A.     Denial of Access to Legal Mail

In response to plaintiff's allegations that his legal mail was neither being sent nor received (see ECF No. 6 at 1-2), the court directed the Office of the Attorney General ("OAG") to contact the appropriate officials at California State Prison-Corcoran ("CSP-Corcoran") to assess and ensure plaintiff's health and safety as well as to ensure that plaintiff had received his legal mail since March of 2018. See ECF No. 7 (order filed April 27, 2018). On May 7, 2018, the OAG filed a

response stating (1) that plaintiff was, in fact, receiving his legal mail, and (2) that his efforts to send legal mail had not been blocked. See ECF No. 10 at 2-3 (stating plaintiff had received fourteen pieces of legal mail and had sent four pieces of legal mail between March 5, 2018 and May 1, 2018); see also ECF No. 10-1 at 2-3, 9-10. In addition, a declaration filed under penalty of perjury by the litigation coordinator at CSP-Corcoran indicates that the California Department of Corrections and Rehabilitation's ("CDCR") policy requires that only correspondence with the courts and with the victim compensation board are logged as legal mail. See ECF No. 10-1 at 2; see also ECF No. 11 at 7. Other confidential mail, such as mail to attorneys, mail to elected officials, or mail to legal services organizations, though confidential, is not logged as legal mail. See ECF No. 10-1 at 2-3. As a result, an inmate could review his legal mail log maintained by the prison and mistakenly believe that such confidential mail had not been forwarded to the inmate or sent by prison staff. See id. The log that CSP-Corcoran maintains of plaintiff's legal mail was attached in support of this declaration. See id. at 10. In light of these facts, plaintiff's claims that his mail is being tampered with and/or that as a result, his access to the courts is being affected, appear to be unfounded.

B. Failure to Protect

Plaintiff contends that his need for protection stems from the fact that in 2008, he was accused of trying to kill a prison officer. See ECF 6 at 3. As a result, an order to kill plaintiff was issued by CDCR. See id. According to plaintiff, thousands of inmates at six different prisons are aware that the kill order was issued, but they are not aware that it has been rescinded. See id.

In its response to the court's order to investigate these allegations, the declaration from the litigation coordinator at CSP-Corcoran indicates that plaintiff had submitted an inmate appeal which expressed that he had an enemy concern. See ECF No. 10-1 at 1-2, 4-8. It was received on March 20, 2018. See ECF No. 10-1 at 2. Plaintiff's appeal was granted, and the individual has been added to plaintiff's list of enemy separation alerts. See id. In addition, that individual is not currently housed at CSP-Corcoran. See id. The litigation coordinator further asserts that

////

since arriving at CSP-Corcoran, plaintiff has not submitted any other inmate appeals claiming a threat to his safety. See id.

Finally, the May 17, 2018 reply plaintiff filed in response to the OAG's statement (see ECF No. 14) indicates that per a recent settlement agreement, a call was purportedly made from the OAG instructing Kernan to "stop the kill order on plaintiff's life." See ECF No. 14 at 1. As a result, plaintiff admits, the CDCR's alleged attempts on his life have stopped. See id. Plaintiff asserts that gang members are still planning to kill him because they have not been told that Kernan "canceled the kill order." ECF No. 6 at 3-4. He fails, however, to identify with specificity any particular individual or particular event that demonstrates he is likely to suffer irreparable harm at the hands of gang members should he not receive preliminary relief, nor does plaintiff suggest what particular type of injunctive relief he seeks. See generally ECF No. 6. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co., 844 F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the

////

////

4

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE