UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants. | No. 2:18-cv-0696 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on April 27, 2018. See ECF No. 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff filed his complaint on March 27, 2018.[1] ECF No. 1. For the reasons stated herein, the court will recommend that (1) this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted, and (2) plaintiff be formally declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).

////

---

[1] Plaintiff has filed a number of complaints to which the court will refer throughout this order. In order to avoid confusion, the instant matter, Meador v. Brown, No. 2:18-cv-0696 KJM AC P, will be referred to herein as "Brown."

1

I.    FAILURE TO STATE A CLAIM

   A.    Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (brackets added).

   B.    Pleading Standard

      1.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

      2.    Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor (1) personally participated in the deprivation of constitutional rights or directed the violations, or (2) knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

      C.     Plaintiff's Allegations in Complaint

In this action, plaintiff names as defendants Governor Jerry Brown; Scott Kernan, the Secretary of Corrections at the California Department of Corrections and Rehabilitation ("CDCR"); thirty-three John / Jane Does, and Does 1-50 inclusive, all CDCR staff members. See ECF No. 1 at 2. The complaint alleges that plaintiff's rights have been violated under the Eighth and Fourteenth Amendments because Scott Kernan has (1) issued a "kill order" targeting plaintiff, to be executed by gang members, and (2) provided said gang members with "extremely incriminating" confidential information from plaintiff's central file. See ECF No. 1 at 3. As a result, plaintiff contends, there are thousands of gang members at multiple prisons who have

3

information that plaintiff testified in matters that led to the convictions of several gang members. See id. Consequently, his life is in danger, and he needs to be protected. See id.

Because the complaint contains no specific allegations against the remaining named defendants (see generally ECF No. 1), the court will limit its review of plaintiff's prior actions to those filed against Kernan.

### D. Allegations in Complaint Fail to State a Claim

#### 1. Standards for Judicial Notice

It is well-established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 156-57 (1969) (taking judicial notice of opinion of related case); see, e.g., Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed); Bovarie v. Giurbino, 421 F. Supp. 2d 1309, 1313 (9th Cir. 2006) (citing to Author Servs.). A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

#### 2. Relevant Facts: Plaintiff's Past Actions Against Kernan

A review of this court's records indicates that on January 12, 2018, plaintiff filed a complaint in this court alleging that Kernan conspired to murder him by advising chief deputy wardens and staff at five prisons "how to use gang members to carry out plaintiff's death and to get them on board by giving them confidential information from [his] C-file that [was] incriminating." See Meador v. Kernan, No. 2:18-cv-0069 JAM KJN (E.D. Cal. Feb. 14, 2018) ("Kernan"), ECF No. 1 at 3-6 (brackets added). This, plaintiff contended, violated his Eighth Amendment rights and warranted – among other things – a permanent injunction against Kernan. See generally id. at 7, 9.

Less than a month later, on February 2, 2018, the magistrate judge in Kernan issued an

order recommending that the case be dismissed as being in violation of a settlement agreement plaintiff had recently reached on January 3, 2018 in another matter.[2] See Kernan, ECF No. 9 at 2. The presiding magistrate judge in Kernan opined:

> [O]n January 12, 2018, plaintiff filed a civil rights complaint renewing his allegations that defendant Kernan has placed a kill order on plaintiff, and that there have been multiple attempts on plaintiff's life, including multiple poisonings and assaults, throughout his incarceration. However, on January 3, 2018, the undersigned conducted a settlement conference with plaintiff in which such allegations were resolved through settlement, including his claims for injunctive relief, and plaintiff agreed that he would not re-file such allegations, waiving any further claims based on such allegations. Meador v. Martin, Case No. 2:17-cv-0203 KJM EFB (E.D. Cal.). The settlement of such action was placed on the court record.
>
> . . . .
>
> IT IS RECOMMENDED that this action be dismissed as in violation of the settlement agreement reached in No. 2:17-cv-0203 KJM EFB on January 3, 2018.

Kernan, ECF No. 9 (brackets added).

Thus, the magistrate judge in Kernan effectively determined either that the claim was not one upon which relief could be granted, or that it was frivolous, or both. However, before the district court judge in Kernan was able to review the magistrate judge's recommendation for dismissal, plaintiff withdrew the complaint on February 2, 2018. See Kernan, ECF No. 13.

### 3. Analysis

The undersigned takes judicial notice of the fact that the Kernan court's February 2018 order found that plaintiff's action against Kernan for allegedly implementing a kill order against plaintiff constituted a violation of the district court's settlement agreement in Martin.[3] In

---

[2] The matter that had been settled was Meador v. Martin, No. 2:17-0203 KJM EFB (E.D. Cal. Jan. 18, 2018) ("Martin"). See Martin, ECF Nos. 33, 37. Two other then-pending cases were settled together with Martin: Meador v. Aye, No. 1:14-cv-0006 DAD EPG (E.D. Cal. Jan. 3, 2018) ("Aye") (see Aye, ECF Nos. 166, 167, 168), and Meador v. CDCR, No. 2:16-cv-1982 CMK (E.D. Cal. Jan. 3, 2018) ("CDCR Case") (see CDCR Case, ECF Nos. 45, 48, 49). See Martin, ECF No. 33.

[3] The court also takes judicial notice of the fact that plaintiff's CDCR Case, which was also part of the Martin settlement agreement, was also a kill order-based complaint alleging said order had come from "Sacramento CDCR," which is where Kernan works. See CDCR Case, ECF No. 19 at 5.

addition, the court finds that plaintiff's March 2018 filing of the instant action effectively alleges the same claim against Kernan, based on the same facts, as those alleged and ultimately prohibited in the Kernan matter. Compare Kernan, ECF No. 1 at 3, 9, with Brown, ECF No. 1 at 3. Therefore, the instant filing lacks an arguable basis in law and fact. As such, it is frivolous and fails to state a claim upon which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 109 (1989) (defining "frivolous" complaint under 28 U.S.C. § 1915 as one lacking arguable basis in law or in fact). Consequently, the court will recommend that the complaint be dismissed.

II. VIOLATION OF 28 U.S.C. § 1915(g): THREE STRIKES RULE

A. Applicable Law

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

In Knapp, the court opined that a Federal Rule of Civil Procedure 12(b)(6) dismissal was not the only way a Section 1915(g) strike could occur. See Knapp, 738 F.3d at 1110. Indeed, when determining whether a dismissal counts as a strike, it has been found that the style of the dismissal and the procedural posture are immaterial. See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citations omitted). The procedural mechanism or rule by which the

6

dismissal is accomplished, while informative, is not dispositive.  Knapp, 738 F.3d at 1109-10 (holding dismissals for repeatedly violating "short and plain statement" requirement constitute dismissals for failure to state a claim under Section 1915(g)).  Instead, the central question is "whether the dismissal '[rings] the PLRA bells of frivolous, malicious [sic], or failure to state a claim.'"  Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting El-Shaddai, 833 F.3d at 1042) (brackets added) (internal citation omitted).  Indeed, the Ninth Circuit interprets Section 1915(g) as a statute that is to "further [] Congress's intent to screen out frivolous complaints by precluding prisoners from submitting an endless stream of frivolous in forma pauperis complaints."  Harris, 863 F.3d at 1143 (quoting O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) (brackets in original)).

B. Relevant Facts

A review of court records indicates that plaintiff meets the criteria of a three strikes plaintiff under 28 U.S.C. § 1915(g).  Specifically, the record reveals that on three occasions, actions filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:  Meador v. Rianda,[4] No. 1:02-cv-6355 AWI TAG (E.D. Cal. Oct. 30, 2003) ("Rianda") (dismissed in part for failure to state a claim); Meador v. Ruble, No. 2:10-cv-1255 CMK (E.D. Cal. Dec. 1, 2010) ("Ruble") (dismissed for failure to state a claim);[5] Meador v. Kernan, No. 2:18-cv-0069 JAM KJN (E.D. Cal. Feb. 14, 2018) ("Kernan") (plaintiff's withdrawal after court recommends action be dismissed due to violation of settlement agreement).  In addition, the dismissal of the instant complaint both for failure to state a claim and because it is frivolous will count as a strike as well.  As a result,

---

[4] Although the case caption identifies the sole defendant as "Riada," it appears that the correct spelling is "Rianda."

[5] In Ruble, on November 4, 2010, the court issued an order to show cause why plaintiff's complaint should not be dismissed for failure to state a claim.  See Ruble, ECF No. 17.  Plaintiff filed a response on November 22, 2010.  See Ruble, ECF No. 18.  Thereafter, on December 1, 2010, the Ruble court found that California's provision of adequate post-deprivation tort remedies foreclosed plaintiff's federal action.  Ruble, ECF No. 19 at 2.  The court dismissed the matter with prejudice stating, "Plaintiff does not . . . state any facts or cite to any law which would indicate that the above-cited post-deprivation remedy rule should not apply in this case.  Accordingly, it is hereby ordered that this action is dismissed with prejudice."  See id.  Thus, Ruble was also effectively dismissed for failure to state a claim.

7

pursuant to Section 1915(g), plaintiff will be precluded from proceeding in forma pauperis in future proceedings absent a prior finding that he is under imminent danger of serious physical injury.

C.  Analysis

1.  Rianda, Ruble and Kernan Cases

Rianda and Ruble clearly fall within the scope of Section 1915(g) because they clearly were dismissed for failure to state a claim. See Rianda, ECF No. 18 at 2; see also Ruble, ECF Nos. 17 at 3; 19 at 2. Therefore, they both are strikes. However, on its face, the Kernan dismissal is not as clear. In Kernan, the court does not use the specific terms "frivolous," "malicious" or "failure to state a claim." See generally Kernan, ECF No. 9. Also, as noted earlier, plaintiff voluntarily dismissed the Kernan action prior to the district court judge reviewing and adopting the magistrate judge's findings that its filing violated the settlement agreement in Martin. See Kernan, ECF No. 13.

Nonetheless, the magistrate judge's finding in Kernan that plaintiff's filing of the claims in that matter constituted a breach of the settlement agreement in Martin (see Kernan, ECF No. 9 at 2) effectively constitutes a finding that the Kernan action presented no claim upon which relief could be granted in light of the Martin settlement agreement. In addition, it could also be said that the Kernan court effectively found that the Kernan action had not been filed in good faith, which has been held to be equivalent to a finding of frivolity. See Knapp, 738 F.3d at 1110 (citing to Gardener v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)). This court is permitted to make such determinations. See Knapp, 738 F.3d at 1109 (permitting court reviewing a potential Section 1915(g) matter to look at dismissing court's action and reasons underlying it).

Regardless of the fact that the Kernan matter was voluntarily dismissed by plaintiff, the magistrate judge's pre-dismissal findings and recommendations that the Kernan filing was improper "rang the PLRA bells" of frivolousness and of failure to state a claim. See Harris, 863 F.3d at 1142 (9th Cir. 2017); see also El-Shaddai, 833 F.3d at 1042; see, e.g., Windham v. Franklin, No. 2:16-cv-5888 SVW JEM, 2018 WL 1626250, at *3 (C.D. Cal. Jan. 25, 2018) (stating whether dismissal is voluntary or involuntary under Section 1915(g) is not a material

8

distinction under Harris). Therefore, the Kernan dismissal, despite its voluntary form, counts as a strike under Section 1915(g), and plaintiff is now a three-strikes litigant. Consequently, hereinafter, he shall be forbidden to bring a civil action or to appeal a judgment or proceeding with in forma pauperis status unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

### 2. Brown Case

As for the instant matter, because it rehashes matters already adjudicated, the court finds that it is frivolous and that it also fails to state a claim upon which relief may be granted. Therefore, it should be dismissed as such. This will, in turn, become plaintiff's fourth strike.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The court's dismissal of Meador v. Kernan, No. 2:18-cv-0069 JAM KJN (E.D. Cal. Feb. 14, 2018) be formally declared a strike pursuant to 28 U.S.C. § 1915(g) and in light of El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016);

2. This action be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii);

3. The instant action also be declared a strike pursuant to 28 U.S.C. § 1915(g); and

4. Plaintiff be declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 4, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE